UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHEMOIL CORPORATION, d/b/a
CHEMOIL AVIATION, a
California Corporation

    Plaintiffs,

v.                                   Case No: 2:12-cv-472-FtM-38UAM

MSA V, a Delaware Statutory Trust,
TEM ENTERPRISES d/b/a XTRA
AIRWAYS, a Nevada Corporation,
Aircraft Tail Number N279AD, an
aircraft, and Aircraft Tail Number
N772AS, an aircraft,

    Defendants.
_____/

## ORDER

This matter is before the Court on consideration of Chemoil's Response and Objection to Magistrate's March 12, 2013 Order Granting in Part and Denying in Part Xtra's Motion to Compel Production of Documents (Doc. # 43) (hereafter "Chemoil's Objection"), filed on May 15, 2013, and Xtra's Response (Doc. # 47), filed on June 4, 2013. For the following reasons, the Court denies Chemoil's Objection.

## LEGAL STANDARDS

Upon review of objections made to a Magistrate Judge's non-dispositive pretrial order, the District Court considers the objections and must set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).[1]

---

[1] The circumstances surrounding the Court's review of the Magistrate's Order are unique. This case was recently re-assigned to District Court Judge Sheri Polster

## DISCUSSION

This case concerns Chemoil's assertion of fuel liens against two aircrafts leased by Defendant Xtra. Chemoil's claims stem from debts incurred from a contract between Chemoil and non-parties Southern Sky Air and Tours d/b/a/ Direct Air to provide "fuel services" for the aircrafts.

In its objection to the Magistrate's March 12, 2013 Order (Doc. # 30) granting in part and denying in part Xtra Airways' Motion to Compel Production of Documents (Doc. # 23), Chemoil maintains that it mistakenly labeled two sets of communications between Chemoil's counsel and the Direct Air Trustee (labeled as RFP 4) as covered by the work-product privilege, when in fact they should be privileged under Federal Rule of Evidence 408 covering statements or documents made during settlement discussions. Notwithstanding its mistake, Chemoil provides no other reason for failing to previously assert the Rule 408 defense. As Xtra notes, Chemoil has had several opportunities to assert a proper privilege to the documents in question, including during its responses to Xtra's requests for production, during the parties' multiple efforts to resolve Chemoil's objections without the need for a motion to compel, and in response to Xtra's Motion to Compel. For these reasons, the Court declines to consider Chemoil's objection. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

---

Chappell, who previously presided over Xtra's Motion to Compel Production of Documents (Doc. # 23) as a United States Magistrate Judge. Although this Court will evaluate Chemoil's Objection pursuant to the standard set forth in Rule 72(a), the Court's review effectively functions as a reconsideration of the March 12, 2013 Order.

2

The Court also denies Chemoil's assertion that the requested documents are not relevant to Chemoil's claims for unpaid fuel charges and will not lead to the discovery of admissible evidence.  As Defendants assert, the communications between Chemoil and Direct Air are relevant to determining the validity of the debt and any waiver or other defenses to the debt, even if they occurred after the date of the last alleged fuel uplift.[2]

Accordingly, it is now

**ORDERED:**

1. The Magistrate Judge's Order (Doc. # 30) is **AFFIRMED**.

2. Chemoil's Response and Objection to Magistrate's March 12, 2013 Order Granting in Part and Denying in Part Xtra's Motion to Compel Production of Documents (Doc. # 43) is **DENIED.**

**DONE AND ORDERED** in Fort Myers, Florida this 17th day of June, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] It appears that Chemoil also objects that the Court never held a hearing prior to referring the Motion to Compel to the Magistrate Judge.  However, no statute or rule requires the Court to do so.

3